IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| BELLAIRE GENERAL HOSPITAL, L.P. § | CASE NO. 05-30089-H1-11 |
| d/b/a BELLAIRE MEDICAL CENTER § | (CHAPTER 11) |
| § | |
| Debtor § | |
| § | |

**ORDER AUTHORIZING APPOINTMENT OF INVESTMENT BANKER**
(Docket #121)

The Official Unsecured Creditors Committee, filed with the Court on February 15, 2005, its application for authority to employ and appoint Gilbert Herrera of G.A. Herrera & Co., LLC ("Herrera") to perform investment banking services including locating a purchaser for the Debtor herein and to provide testimony (the "Application"). In view of the filing of several limited objections, the Court conducted a hearing on the Application on February 24, 2005, at which counsel for the parties appeared and presented evidence and oral argument. Based on the pleadings, evidence, and upon the annexed Affidavit of the proposed investment banking firm, and it appearing that no adverse interest nor connections with the Debtor, the creditors or any other party-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, having been represented, and it appearing that, based upon the Affidavit presented to the Court, Herrera. does not represent an interest adverse to the estate on the matters for which they are engaged, nor have connections with the Debtor, the creditors or any other party-in-interest, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee, and that this employment is necessary and would be in the best interest of the estate, it is

{L:\bel013\00003\0359320.DOC;3\ELR}

121

therefore,

ORDERED that:

1.  The Committee is authorized to employ Herrera Consultants to provide investment banking services and coordinate with the Debtor in connection with the location of a purchaser. In addition, Herrera is authorized to testify as an expert witness based on compensation and reimbursement of reasonable expenses as set forth in the engagement letter attached to his affidavit subject to the following modifications with respect to the success portion of the fee:

    a.  If Herrera locates the successful bidder and such bidder was not originally identified by the Debtor, Herrera shall be entitled under 11 U.S.C. §328 to a success fee equal to 2% of the amount realized in excess of the original stalking horse contract.

    b.  If Herrera locates a bidder which was not originally identified by the Debtor, and such bidder causes another bidder who was originally identified by the Debtor to increase its bid, then Herrera shall be entitled under 11 U.S.C. §328 to a success fee equal to 2% of the amount of increase determined by the Court, which was caused by the bidder located by Herrera

    c.  If, through coordination with the Debtor, Herrera assists the Debtor in obtaining a bid in excess of the original stalking horse contract, from a party originally identified by the Debtor, the Court will award Herrera a success fee of anywhere between 0% and 2% of the amount realized in excess of the original stalking horse contract based on the amount of effort Herrera expended as compared to the amount of effort expended by the Debtor in obtaining the higher bid. The Debtor and Herrera shall coordinate their efforts in contacting prospective bidders already contacted by the Debtor. If the Debtor and Herrera cannot agree on how to coordinate those efforts, then either the Debtor or the Committee may move the Court for an order instructing them on how to proceed.

2.  The Debtor is further authorized to pay, as an administrative expense, said investment banking firm a reasonable fee for its services and reimbursement of its costs pursuant

to the terms of the engagement letter and this Order, upon Application and Order of the Court.

3. If there are insufficient unencumbered funds in the estate to pay any fee due Herrera, then the Debtor or any subsequently appointed Trustee, may, in the exercise of reasonable business judgment, file a motion with the Court pursuant to 11 U.S.C. §506(c) seeking to surcharge the any secured creditor's collateral which was benefited by Herrera's services.

4. The rights of the secured creditors to object to any proposed surcharge under §506(c) are hereby preserved.

5. The Debtor shall coordinate its efforts for sale of the property with Herrera.

SIGNED: 3-4-05

_____
UNITED STATES BANKRUPTCY JUDGE

{L:\bel013\00003\0359320.DOC;3\ELR}